**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KELVIN JEFFERY NAVARRETE VALASQUEZ,

Petitioner,

v. Case No. 3:26-cv-2002-WWB-SJH

WARDEN RONNIE WOODALL, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action by filing a Petition for Writ of Habeas Corpus on August 4, 2026. (Doc. 1). In the Petition, Petitioner challenges his mandatory detention under 8 U.S.C. § 1225. (*Id.* at 11–12). And as relief, he requests an individualized bond hearing. (*Id.* at 12).

Federal Respondents filed a Response advising that on August 13, 2026, Petitioner received an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226. (Doc. 5 at 1–2). After considering evidence, the immigration judge denied Petitioner bond, finding that he poses a danger to the community. (*Id.* at 2). According to Federal Respondents, because Petitioner received the relief he requests (a bond hearing), his Petition should be denied as moot. (*Id.* at 5–6).

Here, to the extent he asks for such, Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL

1965132, at *1 (M.D. Fla. July 8, 2026))). And because Petitioner received the only relief requested in his Petition for which he was entitled—a bond hearing—the Court finds the Petition to be moot. To the extent Petitioner disagrees with the outcome of the bond hearing, he may appeal the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(7). Or he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot**.
2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment dismissing the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Counsels of Record